| | |
|---|---|
| STATE OF MAINE<br>KNOX, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. AP-14-23 |

John Condon,  )
                      )
         Petitioner   )
                      )
    v.                )     MOTION TO DISMISS
                      )
MAINE DEPARTMENT OF   )
CORRECTIONS,          )
                      )
         Respondent   )

    On July 21, 2014, the petitioner, then a prisoner at the Maine State Prison, filed a petition for judicial review of final agency action concerned with his housing and status in the Special Management Unit at the Maine State Prison. The petitioner has now alerted the court that he has been transferred from the Maine State Prison into the custody of the State of Florida. He has even asked that the court designate that transfer, which he says occurred on October 28, 2014, as the final agency action in this case. Respondent is opposing that motion.

    Regardless of how the court rules on that motion, however, the respondent is now hereby requesting that that court dismiss the petitioner's challenge to his housing and status in the Special Management Unit at the Maine State Prison. As, by the petitioner's own admission, he is no longer being held at the Maine State Prison, his challenge to his housing and status while there is moot. Any order issued by the court with respect to his Maine State Prison housing and status could have no effect, as petitioner is now housed in another facility, and even in another state. Even were he to be returned from Florida back to Maine eventually, there is no way to know now where he would be housed and what his status would be. Further, if he were returned and if he were then to be placed in

housing and on a status he did not agree with, he could at that time file a new petition for judicial review.

Me. R. Civ. P. 12(h)(3) provides that: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Therefore, the respondent asks that this action be dismissed in its entirety, assuming the petitioner's request to belatedly change the final agency action he is challenging is denied by the court. (Even if the court allows the petitioner to challenge his transfer, at the very least, his challenge to his housing and status at the Prison should be dismissed.)

For all these reasons, the respondent requests that this petition be dismissed.

Dated: February 2, 2015

DIANE E. SLEEK, AAG
Maine Bar Registration No. 3530
Attorney General's Office
Six State House Station
Augusta, ME 04333-0006

## NOTICE

Matter in opposition to this motion pursuant to Me.R.Civ.P. 7(c) must be filed no later than 21 days after the filing of this motion, unless another time is provided by the Rules or set by the court. Failure to file such a timely opposition will be deemed a waiver of all objections to the motion, which may be granted without further notice or hearing.