UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN JAY CONDON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 16-372-JAW |
| ) | |
| RODNEY BOUFFARD, et al. ) | |
| ) | |
| Defendants ) | |

REPLY TO OPPOSITION TO MOTION TO DISMISS

The plaintiff, currently a prisoner in the custody of the Florida Department of Corrections (FDOC) after a transfer from the Maine Department of Corrections (MDOC), filed a civil rights lawsuit against three MDOC officials stemming from his segregated confinement in both states. In his suit, the plaintiff claimed violations of 14th Amendment due process and equal protection, the 1st Amendment protection against retaliation, and the 8th amendment prohibition on cruel and unusual punishment. The defendants responded by filing a motion to dismiss based on failure of the plaintiff to state a claim upon which relief may be granted. Condon has filed an opposition to the motion to dismiss, and the defendants are now filing their reply to that opposition.

In his opposition, Condon confirms that, while in segregation in Maine, he was not kept in the type of conditions that have been found to be cruel and unusual and that the same is true while he was in segregation in Florida, except, he newly alleges, that while in the latter, he was housed with "aggressively psychotic" and "predatory" inmates (pp. 2, 19). However, he does not allege that any harm came to him from being housed with those inmates, and, even assuming that being housed with other such inmates would, per se, amount to cruel and unusual punishment, he does not allege that any of the defendants knew anything about his being housed with them.

Therefore, if for no other reason, his 8th amendment claim fails for his failure to allege deliberate indifference on their part.[1]

The plaintiff also makes it even clearer than before that he has failed to state a claim of violation of equal protection. He says that his claim is that he is a "class of one" (p. 14). Thus, he eschews any claim that he has been treated differently from other prisoners because of a "suspect class." Moreover, while Condon tries to ground his claim on a "class of one" analysis, instead of putting forward factual allegations to support his claim, he asks a series of questions, to which he admits he has no answers (pp. 14-15). The plaintiff finishes his "analysis" with the conclusory statement that he was discriminated against, but that the reason why is "their (the defendants) tale to tell" (p. 17). The problem is that it is up to the plaintiff to first at least make the allegations that, if proven, would show discrimination.

The same is true of Condon's retaliation claim. He still fails to put forward any factual allegations showing a causal connection between his filing of a state court petition for judicial review of his placement in segregation in Maine and what even he refers to as his transfer to Florida "well after" (p. 10). Nor, as pointed out previously in the motion to dismiss, does he allege that any of the defendants even knew about his state court petition.

Turning to the "false statements" he says that they made to Florida, which he says led to Florida placing him in segregated confinement there, the plaintiff admits that he is calling the statements about the reasons for his segregated placement in Maine "false" because he was never "convicted" of any wrongdoing (pp. 17-18).[2] He says that, despite the lack of any "conviction,"

---

[1] He does allege that he was assaulted by another inmate shortly after he arrived in Florida, before he was placed in segregation there apparently. Again, however, he does not allege that any defendants knew of a substantial risk that such an assault would happen and, therefore, again, there is no allegation of deliberate indifference.

[2] He also admits that placement in administrative segregation does not require a "conviction" (p. 18).

defendants claimed he had been "convicted" of both "threatening" and "assaultive" behavior (p. 5). Condon then points to Appendix A to his opposition as containing those "false statements" (p. 5). However, as an examination of that document shows, there is no statement anywhere in it about the plaintiff's having been "convicted" of anything, either in a criminal court sense or a prisoner disciplinary proceeding sense. In fact, the very last sentence in the statement of reasons for the recommendation that he be placed in segregation in Florida[3] reads: "It should be noted that he has <u>no convictions</u> for assault/battery on correctional staff, but he has several arrests for crimes of violence." (Emphasis added.)

Finally, there is the matter of plaintiff's due process claim. Condon confirms that, as respects the 438 days he was in segregation in Florida (p. 6), he is not complaining about lack of due process (p. 8). He continues to complain, however, about lack of such with respect to the 235 days (p. 6) he was in segregation in Maine. His complaint has several aspects to it, almost all of which have already been addressed in the motion to dismiss and will not be repeated here.

A new argument relies on a combination of how long he was in segregation and the reason he was there. First, having said he has no complaint about the due process he received in Florida, Condon cannot, nevertheless, try to use the days he spent in segregation there to bolster his claim in relation to the process he received in Maine prior to his being sent to Florida. Second, the case he relies on, *Cox v. Malone*, 199 F. Supp. 2d 135 (S.D.N.Y. 2002) is inapposite. It concerned disciplinary segregation, and the court there was comparing the seriousness of the infraction to the punishment in trying to assess whether there was an atypical and significant hardship in the length of segregation, as opposed to Condon's case of administrative segregation, which involves neither an infraction nor a punishment, but a risk to be managed, and, which,

---

[3] Though based in part on the circumstances of Condon's segregation in Maine (as well as other factors noted in the document), this was a recommendation made by a Florida official, not any defendant. See Appendix B3 to the plaintiff's opposition.

3

therefore, typically involves lengthier periods of segregation. Nor, as Condon implies, did the *Cox* court address the source of the information upon which the disciplinary decision was made, but just the seriousness of the infraction. Further, the *Cox* court did not actually decide the issue of whether due process was required, instead finding that, if it were required, the prisoner there had received it. Lastly, *Cox* pre-dated *Wilkinson v. Austin*, 545 U.S. 209 (2005), which made it clear that duration of confinement is but one factor in determining whether due process applies.[4]

Importantly, Condon does not argue that any of the other *Wilkinson* factors (the lack of human contact and loss of eligibility for parole) are implicated in his case. Instead, he asserts the conditions of his confinement in Florida (where, to reiterate, Condon is not claiming lack of due process) were "quite similar" to those in *Wilkinson* (p. 8 of his opposition), pointing to Appendix E to his opposition for a description of those conditions. Again, however, an examination of the document itself contradicts his conclusion. In any event, plaintiff provides no description of the conditions of his confinement while in segregation in Maine, and, therefore, he has failed to state a claim with respect to due process. *See, e.g., Jiminez v. McQueen*, 460 Fed. Appx. 458 (5th Cir. 2012) (7 years in administrative segregation not, per se, an "atypical and significant hardship"); *Orr v. Larkin*, 610 F. 3d 1032 (8th Cir. 2010) (9 months in administrative segregation not, per se, an "atypical and significant hardship").

Therefore, for all the reasons stated above, as well as those reasons stated in their motion to dismiss, the defendants ask that the court dismiss this case for failure of the plaintiff to state a claim upon which relief may be granted.

Dated:  December 19, 2016 /s/ Diane Sleek
DIANE SLEEK, AAG
Office of Attorney General
Six State House Station
Augusta, ME 04333-0006

---

[4] Almost all of the cases cited by Condon pre-date *Wilkinson*.

CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused one copy of this filing to be served upon John Jay Condon, Zephyrhills Correctional Institute, 2739 Gall Blvd., Zephyrhills, FL 33541, by having the same deposited in the United States Mail, postage prepaid.

Dated:  December 19, 2016               /s/ Diane E. Sleek
                                        DIANE E. SLEEK, AAG