United States District Court
— District of Maine —

John Jay Condon,
  Plaintiff,
  vs.
Rodney Bouffard, et al.,
  Defendants.

Civil No.
16-372-JAW

## Memorandum of Law in Support of Plaintiff's Motion for Appointment of Counsel

### — Statement of Case —

This is a Section 1983 Civil Rights case filed by a Maine State prisoner who alleges:

(1) The above Defendants were directly responsible for the unconstitutional seizing of Plaintiff Condon's liberty he earned and enjoyed in the general population for a total of 673 consecutive days. To justify this seclusion of Condon, the Defendants claimed to be waiting for the results of an "investigation" that apparently never existed... all the while subjecting him to an "administrative segregation review" procedure that was nothing more than a hollow formality. In addition, each Defendant,

who at one time or another weilded <u>ultimate control</u> over Condon's segregated status, categorically refused to meet with plaintiff Condon at any time during the duration of his lockdown consequently denying Condon of his constitutional right to face his accusers. Thus, Condon never had any due process (or) his right to "hear and be heard" regarding the accusations that purported to be the basis of locking him down in the first place. Instead of affording him that constitutional right, they simply banished him to the Florida Department of Corrections and lied to the authorities there by "suddenly" pronouncing (on paper) that Condon was <u>guilty</u> of the very charges they were, in fact, still "investigating" him on back in Maine. Plaintiff Condon was never formally charged or adjudicated of any wrong-doing at all times relevant here... But the dossier accompanying him to Florida stated to the authorities there that Condon was: "in segregated status due to threats made to staff and another inmate."

(2) That the defendants retailiated against the plaintiff by sending him to one of the worst prison systems in America after he sought relief from his segregated status by suing the defendants in Knox County, Maine, Superior Court under the Administrative Procedures Act (Title 5 M.R.S.A. Sect. 1101 et seq. and Rule 80C of the M.R. Civ. Procedure.

(3) That the Defendants, who were fully aware of Plaintiff Conson's long prior history (1971-1981) of a serious and explosive manic depressive illness, utilized sly, subtle and deceitful tactics on Conson to keep him locked down... all designed, Plaintiff alleges, to make him "go off" so they could have something of substance as a legal basis to keep him locked down. This dishonest chicanery on a prisoner in their custody who THEY KNEW was saddled with a latent major illness constituted cruel and unusual treatment under the Eighth Amendment to our United States Constitution.

## — ARGUMENT —

(1) The facts and documents already presented by Plaintiff to date make his accusations convincibly "plausible." Bell Atlantic Corp. vs Twombly, 550 U.S. 554, 555 (2007). They also, Plaintiff argues, make his case "meritorious." Carmona vs U.S. Bur. of Prisons, 243 F.3d 629, 632 (2nd Cir. 2001).

(2) Plaintiff will need to utilize the discovery rules and procedures of this Court to prove his accusations that he was treated radically different (and unfairly) in relation to other Maine State prisoners similarly situated. Lasson vs Grace, 6 F.3d 147, 156. (Hold-

-4-

-ing that need for discovery supports appointment of counsel). The plaintiff pro se's lack of legal knowledge and experience (adrift in the discovery rules he must wade through) would clearly put him at a distinct disadvantage here. PARHAM v. JOHNSON, 126 F.3d 454, 459 (3rd Cir. 1999).

(3) Plaintiff, having been forcibly removed by the defendants at a distance of over 1,000 miles from the site of his complaint (Maine State Prison), cannot effectively investigate his case from where he now resides. TUCKER v. RANDALL, 948 F.2d 388, 391-92 (7th Cir. 1991); GATSON v. COUGHLIN, 679 F. Supp. 270, 273 (W.D. N.Y. 1988).

(4) Regarding plaintiff Conlon's First Amendment claim, the importance of taking depositions instead of just written discovery (since written discovery answers are usually prepared by the lawyers and not the witnesses), support an appointment of counsel in this case. HENDRICKS v. COUGHLIN, 114 F.3d 390, 394 (2nd Cir. 1997).

(5) Plaintiff has requested a jury trial which requires a much greater skill than the plaintiff has or can develop. SOLIS v. COUNTY OF LOS ANGELES, 514 F.3d 946, 958 (9th Cir. '08).

(6) The Plaintiff's allegations here, if proven true, would clearly establish violations on a Constitutional level. Carmona v. U.S. Bur. of Prisons, @ 632. "(In deciding whether to appoint counsel) ... we look first to the liklihood of merit in the underlying dispute."

For the foregoing reasons, the Court should grant the Plaintiff's motion and appoint lead counsel to assist him with his case.

Respectfully Submitted,

/s/ John J. Condon

John J. Condon
#148840
RMC/West Unit
P.O. Box 628
Lake Butler, FLA 32054

Dated this 7th Day of February, 2017