UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN JAY CONDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00372-JAW |
| | ) | |
| RODNEY BOUFFARD, et al., | ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON PLAINTIFF'S MOTION
### TO APPOINT COUNSEL (ECF NO. 16)

Plaintiff requests the Court appoint counsel to represent him in this matter. (ECF No. 16.) Plaintiff maintains that the appointment of counsel is warranted because he has been transferred more than 1,000 miles from Maine, the site of his cause of action and as a result the necessary discovery and relevant information are not readily available to him. He also contends this is a complex case, and that he is unable to afford counsel.

"There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The *in forma pauperis* statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel

"should be denied in a civil case." *Id.* Denial of an indigent plaintiff's request for counsel is error only if the denial "was likely to result in fundamental unfairness impinging on his due process rights." *Id.* at 23.

Following a review of Plaintiff's complaint and the parties' submissions regarding Defendants' motion to dismiss (ECF No. 6), the Court concludes that the law and facts relevant to Plaintiff's case are sufficiently straightforward such that Plaintiff should be able to represent himself. Indeed, Plaintiff's comprehensive complaint and his extensive response to Defendants' motion to dismiss demonstrate that Plaintiff can ably represent himself in this matter. In short, Plaintiff's case does not present "exceptional circumstances" to warrant the appointment of counsel. The Court, therefore, denies the motion.

## NOTICE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of February, 2017.