UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| JOHN JAY CONDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 16-372-JAW |
| | ) | |
| RODNEY BOUFFARD, et al. | ) | |
| | ) | |
| Defendants | ) | |

OBJECTION TO RECOMMENDED DECISION

The plaintiff, currently a prisoner in the custody of the Florida Department of Corrections (FDOC) after a transfer from the Maine Department of Corrections (MDOC), filed a civil rights lawsuit against three MDOC officials stemming from his segregated confinement in both states. In his suit, the plaintiff claimed violations of 14th Amendment due process and equal protection, the 1st Amendment protection against retaliation, and the 8th amendment prohibition on cruel and unusual punishment. The defendants responded by filing a motion to dismiss based on failure of the plaintiff to state a claim upon which relief may be granted. Condon filed an opposition to the motion to dismiss, to which the defendants filed a reply. The Magistrate Judge has now issued a recommended decision on the motion to dismiss. Although not necessarily agreeing with all aspects of that recommended decision, the defendants hereby object only to the recommendation that the court deny the motion with respect to the plaintiff's claims of deprivation of due process related to his confinement in administrative segregation in Maine and Florida.

The Magistrate Judge recommended that both plaintiff's claim of lack of due process with respect to his placement in the Maine State Prison's Special Management Unit and his claim of lack of due process with respect to his transfer to Florida be allowed to proceed. In

making the former of these recommendations, the Magistrate Judge seems to be conflating the issue of whether due process applies at all with the issue of whether, if it applies, what is the process that is due.  Further, the Magistrate Judge seems to rely on the length of time plaintiff spent in segregation in Maine as the determinative factor, when it is not.  In making the latter of these recommendations, the Magistrate Judge relied solely on plaintiff's allegations that he had been placed in segregated confinement in a Florida maximum security facility.

The Supreme Court, in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), held that due process does not apply to a prisoner's situation (and, thus, there can be no due process violation) unless what is at stake is an "atypical and significant hardship … in relation to the ordinary incidents of prison life."  In *Wilkinson v. Austin*, 545 U.S. 209 (2005), the Court offered some guidance on the type of prison conditions that might constitute an atypical and significant hardship and thus give rise to a liberty interest protected by due process.  In that case, prisoners in the "Supermax" unit of the Ohio State Penitentiary were not only kept in single cells for 23 hours a day, with cell lights left on at all times, exercised in a small indoor room, and ate meals in their cells, but they were also deprived of almost all human contact (the cells having been sound proofed so that the prisoners could not talk to one another).  Their placement was indefinite and after an initial 30 day review, it was reviewed just annually.  Placement in that unit also deprived these prisoners of eligibility for parole.  545 U.S. at 214, 223-224.  The Court made it clear that what made placement in that housing unit different from other segregated housing (the latter of which would not trigger due process protection) was the especially severe limitations on human contact, the duration of the confinement, and the loss of parole eligibility.  The Supreme Court held that these conditions, *taken together*, constituted an atypical and significant hardship.  545 U.S. at 224 (emphasis added).

As described by plaintiff himself, his segregated confinement in Maine did not trigger due process protections.  He set forth no allegation of being deprived of human contact (or of lights being left on or of exercise being confined to a small indoor space for that matter either), just of being deprived of the "liberty" to engage in congregate activities and the other amenities of being in general population.  See the typewritten part of his complaint, pp. 10-11, ¶ C.1.  As the Magistrate Judge noted, he did not even allege that conditions in administrative segregation in the Maine State Prison differ from those in administrative segregation in other Maine prisons.  His description of segregated confinement conditions in Florida also does not even come close to those set out in *Wilkinson*. See Appendix E to his opposition.  His segregated confinement is not indefinite, having already ended after 235 days in Maine and 438 days in Florida (with plaintiff's confinement in segregation in Florida being something that was recommended by a Florida official.  See Appendix B3 to plaintiff's opposition.)  For a State of Maine prisoner, there is no parole eligibility to lose, and he does not allege otherwise.

All the plaintiff is left with is the length of his segregated confinement, and that is just not enough to state a claim with respect to the applicability of due process.  *See, e.g., Jiminez v. McQueen*, 460 Fed. Appx. 458 (5th Cir. 2012) (dismissing claim that 7 years in administrative segregation is an "atypical and significant hardship"); *Orr v. Larkin*, 610 F. 3d 1032 (8th Cir. 2010) (dismissing due process claim relating to 9 months in administrative segregation, while noting that placement in administrative segregation, even without cause, is not itself an atypical and significant hardship).

Therefore, for all the reasons stated above, the defendants ask that the court dismiss the plaintiff's due process claims related to segregated confinement for failure of the plaintiff to state a claim upon which relief may be granted.

Dated: March 3, 2017                                    /s/ Diane Sleek
                                                        DIANE SLEEK, AAG
                                                        Office of Attorney General
                                                        Six State House Station
                                                        Augusta, ME 04333-0006


CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused one copy of this filing to be served upon John Jay Condon, #148840, RMC/Lake Butler, P.O. Box 628, Lake Butler, FL 32054, by having the same deposited in the United States Mail, postage prepaid.


Dated:  March 7, 2017                                   /s/ Diane E. Sleek
                                                        DIANE E. SLEEK, AAG