UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

John Jay Condon,
 Plaintiff,
 v.                                   Civil No. 1:16-cv-372-JAW
Rodney Bouffard, et al.,
 Defendants.

## Declaration of John Jay Condon

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury, the following is true and correct:

### Background

Plaintiff/Declarant appears pro se in the above titled civil rights action. He has never filed a civil rights case before and his only other attempt at civil action was the Administrative Procedures Act petition he filed with the Knox Co. Superior Court on July 21, 2014, (Docket No. AP-14-023), which he voluntarily dismissed without prejudice (so he could enter into this court) on April 21, 2015. Other than that, Declarant has no legal training or expertise. His naive strategy in presenting his case at the outset was not to reveal his whole

"HAND" at once, but to come out in his complaint with what he felt would be, in any prisoner rights judicial forum, startling revelations of what he endured as a result of the actions of the defendants listed here. Once the preliminary functions were completed, he would back up his claims with the hard, truthful facts and evidence that he has or, per chance, will acquire. (Similar to a style President Trump recently used when he came out with the outlandish allegations that former President O'Bama had been spying on him. After the dust has settled and many felt Trump delusional, he presented circumstantial evidence that implicated O'Bama in the role of a shot-caller overseeing some surveillance on Trump's headquarters prior to the election).

Declarant has since found out that in the legal arena, it's best to lay all one's cards or explain all one's claims with a certain amount of specificity and documented evidence at the commencement of the action rather than being time-defaulted for not having done so earlier. Since this case is still dealing with the defendant's 10/11/16 Motion to Dismiss, Declarant/Plaintiff is under the impression that the supplemental factual information contained in this declaration would still be permissible to enter into the record here. SEE p. 13, footnote 7 of Magistrate Judge's 2/17/17 Recommended Decision on Defendant's Motion to Dismiss.

It is of no matter to Declarant/Plaintiff that this case and its pending motion

-2-

to dismiss now lie in the hands of the District Court Judge and Declarant makes NO attempt whatsoever to have the District Court view this Declaration. The following supplemental factual information that I have had stored since day one has since become (as will be explained hereafter) an increasingly sore point on my mind to the point where I must apply some salve on it in the form of this Declaration.

## → DECLARATION ←

This Declaration concerns the conditions Plaintiff experienced at the Close Management (CM) Unit he was sentenced to be housed in by the Florida Department of Corrections' Institutional Classification Team at Suwannee Correctional Institution. Throughout this case, the Defendants have incessantly argued to this Court and in response to Plaintiff's filings, that the segregated confinement conditions Condon experienced in Florida "[does] not even come close to those set out in Wilkinson" (v. Austin, 545 U.S. 209 (2005) (refering to the 'Supermax' Ohio State Penitentiary (OSP). See p. 3 ¶1, of Defendants 3/7/17 Objection to Recommended Decision. In truth, that above statement is far from the case. Plaintiff/Declarant did not draw out in detail the conditions at C.M. Suwannee in his original complaint for two reasons: the first he explained in p.2 herein and the second is the Sandin v. Conner, 575 U.S. 472 (1995), decision regarding the quintessencial

-3-

issues of "LIBERTY" AND "DUE PROCESS" where the plaintiff must demonstrate that, as a result of his segregated confinement, he experienced "AN ATYPICAL AND SIGNIFICANT HARDSHIP... IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE." id @ 484. The difficulty there, to plaintiff's emerging surprise, is just what the Court MEANT BY "THE ORDINARY INCIDENTS OF PRISON LIFE.①" To the plaintiff, who has done 35 years straight of "prison life," that meaning, at first, was a no-brainer... It HAD TO MEAN (AS A COMPARATIVE baseline to his C.M. confinement, or ANY segregated confinement)... The general population, period. So to plaintiff, pro se, who was cognizant of SANDIN before he filed his complaint with this Court, the "ATYPICAL AND SIGNIFICANT HARDSHIP..." BARRIER would be an easy one to surmount, WILKINSON or No WILKINSON. Additionally, he had the two other components of WILKINSON; that being the (1) DURATION (673 DAYS) AND (2) CONDON WAS NOT ELIGIBLE for PAROLE AT

---

① Now, I do not know where the Supreme Court gets its information regarding prison life, but 35 years of "prison life" from Maine to California, Colorado to Texas, and Florida to Pennsylvania qualifies me as somewhat of an expert witness and I'll testify ANYWHERE THAT ANY KIND of segregation imposes a major disruption in an inmate's life and its only a small, a very small, percentage of disruptive inmates out of ANY general population who experience any form of segregation, inclusive of protective custody inmates. The limited amount of LIBERTY we have in general population here IS JUST AS VALUABLE TO US AS THE LIBERTY free people experience out there. LIBERTY IS JUST LIBERTY.

- 4 -

this stage. Wilkinson @ 224

However, upon further study of this Court's decision and defense counsel's filings along with other cases that have wrestled with the "atypical and significant..." issue, Plaintiff became enlightened to the suddenly expanding number of baseline comparisons to... or how to define "the ordinary incidents of prison life."[2]

Thus, when I got 'up to speed' with the Court and defense counsel, it was no longer a "wonder why" defense counsel kept pounding away repeatedly on the confinement conditions in Wilkinson's O.S.P. vis-a-vis Condon's C.M. Suwannee segregated confinement. Hence, that is the reason Plaintiff pro se offered more factual information regarding C.M. Suwannee in his 3/10/17 Declaration of Supplemental Factual Information re: the C.M. Unit at Suwannee. Now, in this declaration, he expands further on the segregated confinement conditions at C.M. Suwannee and he does so in an elementary way... by comparison to the vaulted O.S.P. standards:

OSP: Kept in cells 23 hours per day
CM: Same

OSP: Light on in cell all day, though sometimes dimmed and to shield or cover

---

[2] It is apparent that I am not the only one who believes the comparative baseline should be the general population. See *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997); *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996).

-5-

Light would incur Disciplinary Action.
CM: SAME

OSP: ONE HOUR INSIDE RECREATION (REC) IN SMALL ROOM PER DAY.
CM: Approximately 3 Hours INSIDE REC AND 3 Hours OUTSIDE IN CAGE PER WEEK. "Approximate," BECAUSE IF ANY MISCONDUCT ON THE WING EQUALED NO REC. Also, SEE CM II "RESTRAINTS" ON INSIDE REC IN plaintiff's 3/10/17 DECLARATION, p.5, ¶2.

OSP: Single Celled
CM: II AND III DOUBLE CELLED — AT TIMES I HAD TO CELL WITH SEXUAL PREDATORS AND ASSAULT PREDATORS (PLAINTIFF WAS 68 yrs. OLD AT THE TIME) AND ONCE HAD CELLMATE WHO HAD AIDS AND ALSO A SEXUAL PREDATOR. "Single Cell," Like A HOSPITAL Recovery Room, is much prefered over "Double Celling."

OSP: No TALKing from Cell to Cell
CM: SAME

OSP: Solid metal doors with metal strips Along SIDES AND BOTTOM
CM: SAME

OSP: Meals TAKEN IN Cell
CM: SAME

OSP: VISITS THROUGH GLASS WALLS
CM: CM II SAME; CM III LIMITED CONTACT Visits

OSP: PLACEMENT INDEFINITE

CM: ONE YEAR for plaintiff (CM II & III) ("INDEFINITE" sounds alarming, but in all liklihood, give one year clean conduct — not hard to do single celled 23 hrs — and most likely get cut loose to open population after year of clean conduct).

OSP: Denied parole opportunity
CM: Condon not eligible.

Not much difference... not much difference at all. Declarant has former CM celly in another Florida prison whom he will try to locate for possible future affidavit re: conditions at CM. Suwannee.

Again, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, the above is true and correct.

Dated this 14th day of May, 2017.

*[signature]*

John J. Condon, pro se
#148840
ZCI. 2739 Gall Blvd.
Zephyrhills, FLA 33541

PROVIDED TO ZEPHYRHILLS C.I.
ON 5/15/17
FOR MAILING

-7-

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

John Jay Condon,
    Plaintiff,
v.
Rodney Bouffard, et al.,
    Defendants.

Civil No
1:16-cv-372-JAWV

— Certificate of Service —

I certify that I placed this Declaration of John Jay Condon in the hands of an Institutional Official for mailing to: Diane Sleek, AAG., Office of the Attorney General, Six State House Station, Augusta, Maine 04333, postage pre-paid on this:

15th Day of May, 2017

John J. Condon
John J. Condon, Pro Se
#148840
Z.C.I. 2739 Gall Blvd
Zephyrhills, FLA 33541

PROVIDED TO
ZEPHYRHILLS C.I.
ON 5/15/17
FOR MAILING

- 8 -