UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN JAY CONDON, | ) |
| Plaintiff | ) |
| v. | ) Civil No. 16-372-JAW |
| RODNEY BOUFFARD, et al. | ) |
| Defendants | ) |

**ANSWER**

Defendants answer the Complaint as follows:

1. Paragraph 1 is a summary of plaintiff's claims, and no answer is required.

2. Paragraph 2 states a legal conclusion, and no answer is required.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit that defendant Bouffard was the warden of the Maine State Prison at the time of the events alleged in the Complaint. Defendants deny that defendant Bouffard currently holds that position.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states a legal conclusion, and no answer is required.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint, except for the characterization of the SMU as a "supermax" unit, which defendants deny.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint

12. Defendants admit that plaintiff did not sign the initial administrative segregation review form.  Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Defendants neither admit nor deny the allegations in Paragraph 14 for lack of sufficient knowledge and information.

15. Defendants admit that an administrative segregation review was held on the date alleged.  Defendants further assert that the review board's action was a recommendation rather than a decision.

16. Defendants admit that the chief administrative officer or his designee must review the recommendation of the administrative segregation review board and decide whether or not to accept it.

17. Defendants admit that defendant Ross decided that plaintiff should be continued in administrative segregation on the date alleged.

18. Defendants admit that there is no appeal from the designee's decision.

19. Paragraph 19 states a legal argument or conclusion, and no response is required.

20. To the extent Paragraph 20 states a legal argument or conclusion, no response is required.  Defendants deny the factual allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21, except that defendants deny the characterization of the review process as a "rote reiteration."

22. Defendants admit the allegations in Paragraph 22, except that defendants neither admit nor deny that the board notation was "surprising."

23. Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint for lack of sufficient knowledge and information.

24. Defendants deny that there was a "covert isolationist plan." Defendants neither admit nor deny the remaining allegations for lack of sufficient knowledge and information.

25. Defendants admit that plaintiff was not charged with a disciplinary infraction for the threats he made against the unit manager. Defendants admit that plaintiff continued to be investigated for these threats.

26. Defendants neither admit nor deny the allegations in Paragraph 26 of the Complaint for lack of sufficient knowledge and information.

27. Defendants neither admit nor deny the allegations in Paragraph 27 of the Complaint for lack of sufficient knowledge and information.

28. Defendants admit that the grievance procedure does not apply to a decision about administrative segregation placement. Defendants neither admit nor deny the remaining allegations in Paragraph 28 of the Complaint for lack of sufficient knowledge and information.

29. Defendants admit the allegations in Paragraph 29 of the Complaint.

30. Defendants neither admit nor deny the allegations in Paragraph 30 of the Complaint for lack of sufficient knowledge and information.

31. Defendants admit that there is no appeal of the dismissal of a grievance. Defendants neither admit nor deny the remaining allegation in Paragraph 31 of lack of sufficient knowledge and information.

32. Defendants admit that plaintiff's placement was reviewed on the date alleged. Defendants deny that plaintiff is quoting the recommendation correctly.

33. Defendants admit the allegations in Paragraph 33 of the Complaint.

34. Defendants admit the allegations in Paragraph 34 of the Complaint.

35. Defendants admit that plaintiff filed a petition for judicial review as alleged.

36. Defendants admit the allegations in Paragraph 36 of the Complaint, except that defendants deny that plaintiff was charged with the disciplinary infraction of threatening.

37. Defendants admit the allegations in Paragraph 37 of the Complaint.

38. Defendants admit that a six-month review of plaintiff's administrative segregation was conducted around the time alleged. Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39. Defendants admit the allegations in Paragraph 39 of the Complaint.

40. Defendants admit that defendant Breton wrote to plaintiff on the date alleged. Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41. Defendants neither admit nor deny the allegations in Paragraph 41 of the Complaint for lack of sufficient knowledge and information.

42. Defendants admit that the plaintiff's placement was reviewed around the time alleged and that the review resulted in plaintiff's continued placement in administrative segregation.

43. Defendants admit that plaintiff filed a grievance as alleged. To the extent that this paragraph states a legal argument or conclusion, no response is required.

44. Defendants admit the allegations in Paragraph 44 of the Complaint.

45. To the extent that Paragraph 45 of the Complaint states speculation rather than fact, no response is required. Defendants neither admit nor deny the remaining allegations for lack of sufficient knowledge and information.

46. Defendants admit that plaintiff was transferred to the custody of the Florida Department of Corrections on the date alleged.

47. Defendants admit that the Department of Corrections sent information about the plaintiff to the Florida Department of Corrections when plaintiff was transferred.  Defendants deny that the materials contained the quoted statements.

48. Defendants deny that they made any false statements to the FDOC.  Defendants neither admit nor deny the remaining allegations in Paragraph 48 of the Complaint for lack of sufficient knowledge and information.

49. Defendants admit that the Superior Court dismissed plaintiff's petition for judicial review at plaintiff's request and without objection from the Department.  Defendants deny the remaining allegations in Paragraph 49 of the Complaint.

50. Defendants neither admit nor deny the allegations in Paragraph 50 of the Complaint for lack of sufficient knowledge and information.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants neither admit nor deny the allegations regarding the amount of time plaintiff was in "segregated confinement" for lack of sufficient knowledge and information.  The remainder of Paragraph 55 contains a legal conclusion or argument, and no response is required.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants admit that plaintiff filed a petition for judicial review under the Administrative Procedures Act against the Department of Corrections.  Defendants neither admit nor deny the remaining allegations in Paragraph 57 for lack of sufficient knowledge and information.

58. Defendants admit that plaintiff filed a number of motions and other documents with the court.

59. Defendants admit that they were not required to file the record with the court.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants admit that the Department's attorney moved to dismiss the petition for judicial review after plaintiff was transferred on the grounds that it was moot.

62. Defendants admit that the Superior Court dismissed plaintiff's petition for judicial review at plaintiff's request and without objection from the Department. Defendants neither admit nor deny the remaining allegations in Paragraph 62 for lack of sufficient knowledge and information.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

WHEREFORE, defendants request that judgment be entered in their favor and that they be awarded costs and attorney fees.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiff failed to exhaust available administrative remedies, and his complaint must be dismissed.

3. Any claim for damages for mental or emotional distress is barred by the fact that plaintiff did not suffer a physical injury.

4. To the extent that the complaint asserts a claim under state tort law, defendants are entitled to absolute immunity.

5. To the extent that the complaint asserts a claim under state tort law, the claim is barred by plaintiff's failure to comply with the Maine Tort Claims Act.

6. As to plaintiff's claims of constitutional violations, defendants are entitled to qualified immunity.

7. To the extent that plaintiff asserts any claims against defendants in their official capacities, the claims are barred by constitutional immunity.

September 20, 2017 /s/ James E. Fortin
James E. Fortin
Assistant Attorney General
*James.Fortin@maine.gov*

Office of Attorney General
Six State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800

CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed this document with the court using the ECF system, and that I served the same on John Jay Condon, at Zephyrhills Correctional Institute, 2739 Gall Blvd., Zephyrhills, FL 33541, by having deposited it in the United States Mail, postage prepaid.

September 20, 2017 /s/ James E. Fortin
James E. Fortin
Assistant Attorney General