November 2, 2017

SENT 6th
Nov
2017

James E. Fortin, AAG
Office of The Atty General
Six State House Station
Augusta, Maine 04333

Re: Condon v. Bouffard, et al.
Civil No. 1:16-cv-00372-JAW

Dear Mr. Fortin:

I am writing you pursuant to Local Rule 26(b) of The U.S District Court - Dist. of Maine (Bangor) regarding a Dis- covery Dispute The Plaintiff has with Defendant Troy Ross' Responses to Plaintiffs First Request for Production of Documents. I will now proceed to go in order (#1 - #4) of my 4 Requests and counter Defendants' objections.

#1) Defendant Ross objects to plaintiff's request for The "IPS Investiga- Tive Report" performed on Inmate Condon between The dates of March 1st 2014, and November 1st, 2014, Concerning whether or not Condon indirectly Threatened to Harm MSP staff member Holly Harris. Defendant Ross objects on The grounds That The "Investi- gation" is made Confidential by Statute. The "Investigation" is About Condon Centered Around Condon And Condon is His own Lawyer. We know Confidential AKA Informant "X-2A" gave us The information regarding Condon. I Doubt This "IPS Investi- gation of Condon would fit Between The Parameters of Statute X. There is a Discovery scheduled

DEADLINE IN EFFECT HERE AND PLAINTIFF WILL NOT BE SIDE-TRACKED BY GOING ON A WILD STATUTE-CHASE. AND THE pro se PLAINTIFF seriously doubts AN INVESTIGATION CENTERED AROUND THE PLAINTIFF WOULD BE LABELED "CONFIDENTIAL" IN A CIVIL RIGHTS DISCOVERY REQUEST. IF THIS DISPUTE IS NOT SETTLED, PLAINTIFF WILL SEEK OTHER LEGAL AVENUES TO OBTAIN THIS POTEN-TIALLY REVEALING, EMBARRASSING AND WHAT PLAINTIFF FEELS IS A LONG-STANDING MSP "CRIMINAL TACTIC" EMPLOYED TO KEEP A MAN LOCKED-UP INDEFINITELY IN A 10'×6' CELL. FURTHER, PLAINTIFF IS ALLEGING THAT THIS PRETEXT OF USING "PENDING THE RESULTS OF THE (IPS) INVESTIGATION." HAS BEEN USED, NOT ONLY TO KEEP THE PLAINTIFF HERE CONFINED, BUT USED TO KEEP SCORES OF MANY CLUELESSLY FRUSTRATED AND UNEDUCATED MSP INMATES LOCKED-UP IN SOLITARY CONFINEMENT OVER THE YEARS... MANY OF WHOM HAVE CUT THEIR WRISTS WITH RAZOR BLADES TO DRAW ATTENTION TO THEIR PREDICAMENT. ONE ONLY NEED TO HAVE VIEWED THE PBS-TV 2014 FRONTLINE DOCUMENTARY WHICH FEATURED THE RAMPANT SLICING OF WRISTS (AND NECKS) BY MSP INMATES HELD IN SOLITARY CONFINEMENT IN THE SPECIAL MANAGEMENT UNIT (SMU) OF MAINE STATE PRISON. MR. FORTIN, I AM URGING YOU IN ALL SINCERITY TO PRODUCE THOSE "IPS INVESTIGATIVE REPORTS" CENTERED ON CONDON IN 2014. IF DEFENDANT ROSS IS WORRIED ABOUT REVEALING HIS WEIGHT-LIFTING AND DRUG TAKING CONFIDENTIAL INFORMANT, JUST USE INMATE X OR SOMETHING SIMILAR.

2.    IN PLAINTIFF'S SECOND REQUEST, CONDON SEEKS TO PUT FORTH →

-2-

FACTUAL ALLEGATIONS TO SUPPORT HIS CLAIM THAT HIS 14th AMENDMENT RIGHT TO EQUAL PROTECTION AND TREATMENT / UNDER THE LAW WAS VIOLATED BY THE DEFENDANTS, WHO ACTED ALONE AND OUTSIDE OF POLICY, BUT CAME TOGETHER IN A CONSPIRACY / TO HOLD CONDON "LOCKED-DOWN." THAT (ESPECIALLY) MEANS HELSIN: "PUT CONDON ON AD.SEG. AND/PUT REASON: "PENDING THE RESULTS OF IPS 'INVESTIGATION."

To OBTAIN DOCUMENTS TO SUPPORT MY CLAIM, PLAINTIFF IS SEEKING FROM DEFENDANT ROSS INFORMATION REGARDING OTHER MSP IN-MATES WHO WERE HELD IN AD.SEG. UNDER VERY SAME CIRCUMSTANCES (NO RELEASE UNTIL "INVESTIGATION" CONCLUDES). INSTEAD OF THE DATES OF 2000 TO 2017, THE PLAINTIFF SHORTENS THAT TIME PERIOD 2007-2017 (JAN 1st). FAIR ENOUGH? DEFENDANTS CAN USE "INMATE No. 22... 54... 77... ETC) SYSTEM NOT IDENTIFYING THE INMATES.

THAT'S NOT "BURDENSOME" AND IT CAN'T BE MORE THAN A HANDFUL OF MSP INMATES. SO LET NOT DEFENDANT ROSS HIDE UNDER THIS "BURDENSOME" RHETORIC, PLEASE. PLAINTIFF IS ENTITLED TO THIS INFORMATION IN THE COMPUTER AGE and THE DEFENDANTS EVEN AGREED TO SAME IN THEIR DECEM-BER 19, 2016, "REPLY TO OPPOSITION TO DISMIS." ...WHEN DEFENDANTS STATED: "... THAT IS UP TO THE PLAINTIFF TO FIRST AT LEAST MAKE THE (FACTUAL) ALLEGATIONS THAT, IF PROVEN TRUE, WOULD SHOW DISCRIMINATION" EXACTLY WHAT THE PLAINTIFF IS TRYING TO DO HERE.

So you tell me, Mr. Fortin, how am I, plaintiff pro se, suppose to prove discrimination if the Defendants, (who hold all the factual information here) will not allow me access to that information? Information I need and which the Defendants caused me to pursue, to make factual accusations "factual." That's a question you can't answer similar to many of the interrogatory questions I posed to your clients... why can't answer? Because one either lies or incriminates himself and others... so the Defendants refuse to answer.

What the Defendants are attempting to do, with you at the helm, and to be polite about it, is just "blow me off." Because I am a pro-se-inmate-plaintiff sent a good 1,500 miles away with no lawyer in Maine nor ready access to Maine law, statutes & case law.

#3.     The same defense rhetoric: "Confidential," "overbroad," "burdensom,"..."Not relevant," is used to batter down Request #3 here. Not relevant?? The plaintiff was never even charged or convicted of threatening a MSP staff member, yet spent 673 days in punitive confinement due to the actions & non-actions of the Defendants. According to MDOC policy No. 20.1 Sect IV, Procedures (D)(8) & E. ~The penalties for inmates who were found guilty of threatening can receive only up to 20 days of punitive segregation and/or some other wrist-slapping penalties.

– 4 –

Need I say any more, Mr. Fortin? I, the plaintiff pro-se — "Center of lawsuit" — Do not need to know the names of any of these inmates — not interested. — I am after the disciplinary results if they were found guilty so I can compare those with what transpired with the plaintiff.

4.    Let me make plaintiff's request Number Four (4) here. A bit simpler? How about plaintiff re-phrasing #4 to: "How many inmates (MSP inmates) were sent out of state as a result of an investigation, or a conviction of ... "threatening" a staff member directly or indirectly since January 1st 1997??"   That's not too burdensome in this computer age here., is it? No names needed, no pertinent information needed. Just how many were transferred out of state for either an investigation into..., or a conviction of, threatening an MSP staff member. I suppose one could scroll up: "threatening" — And maybe transfers out of state". Hit a few buttons and presto! The answer.

I believe we can settle this dispute amicably — to heck with the names of inmates & "pertinent information" And
             as to the
                Confidentiality excuse,
                    / I am the

─5─

INMATE AND I AM INMATE PLAINTIFF PRO SE, ONE CAN SPLASH MY NAME ALL OVER THE PLACE ON THAT COUNT... WON'T BOTHER ME AT ALL.

I AM GOING TO GIVE YOU A CERTAIN AMOUNT OF TIME TO RESPOND TO THE CONTENTS OF THIS LETTER...

— DATED —                    Sincerely,

November 2, 2017

JOHN CONDON, PRO SE
# 148840
S.C.I. 2739 GALL BLVD
Zephyrhills, FLA 33541

— CERTIFICATE of SERVICE —

THE UNDERSIGNED HEREBY CERTIFIES THAT HE SERVED THE ABOVE DOCUMENT BY MAILING IT, POSTAGE PAID, TO THE FOLLOWING:

JAMES E. FENTON, A.A.G.
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA MAINE 04333

JOHN J. CONDON

— 6 —