UNITED STATES DISTRICT COURT
— DISTRICT OF MAINE —

John Jay Condon,
   Plaintiff,
   v.                          Civil No.
Rodney Bouffard, et al.,       1:16-CV-00372-JAW
   Defendants

## MOTION FOR A (SECOND) CONFERENCE OF COUNSEL

Now comes the Plaintiff in the above signed case who seeks to move this Honorable Court to grant a (second) motion for Conference of Counsel to settle a further discovery dispute encountered by the parties here.

(Plaintiff seeks partial avoidance of Local Rule 26(b);

Plaintiff seeks here to avoid having to ... "confer (by mail) with the opposing party in a good faith effort to resolve the dispute..." for two very good reasons:
(1). It can take 21 days (or longer) to get up to and then get a response back from opposing counsel given the geographical restraints placed on the situation; and
(2) They'll be no compromising on

PROVIDED TO ZEPHYRHILLS C.I. ON 1/26/18 FOR MAILING

either side. Plaintiff steadfastly stands by his simple request for the names of the first 15 inductees into the Administration Control Unit (ACU) located in the Special Management Unit (SMU) of Maine State Prison. Plaintiff wants these names for several very relevant reasons:

(a) Plaintiff needs the names of these men, (with whom plaintiff lived with for long periods of time - in and out of the ACU) because one or two of them will become key witnesses for the plaintiff in this case;

(b) They will also join the plaintiff here in testifying that defendant here mis-spoke when he states: "Formal evaluation of prisoners to be placed in the ACU did not take place until November 16, 2014" and when he states further that... "The ACU was first opened on December 16, 2015, two months after plaintiff was transferred out of MSP." Those two statements (Appendix A) are hogwash. (Plaintiff arrived in Florida on November 1st 2014) (see also Appendix B: "Declaration of (prisoner) Davis Silva." dated August 22, 2014).

(c) Plaintiff needs those requested names (and a couple of those men to be later called) as witnesses to what we all experienced together at the same time within the ACU and without.

(d) Plaintiff also needs the names of those men (and a couple of them to be witnesses) should any "late"

-2-

ACCUSATIONS BE DIRECTED AT PLAINTIFF BY THE DEFENDANTS AT TRIAL

(E) THE DEFENDANTS CONTINUALLY OBJECT TO ALL OF PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS BASED "ON THE GROUNDS THAT THE INFORMATION SOUGHT IS MADE CONFIDENTIAL BY STATUTE, 34-A M.R.S.A. §1216." THAT MAY BE THE CASE IN STATE COURT, BUT WE ARE IN FEDERAL COURT HERE. "THE MERE ASSERTION THAT A STATE STATUTE DECLARES THAT THE RECORDS IN QUESTION ARE 'PRIVILEGED' DOES NOT MAKE OUT A SUFFICIENT CLAIM THAT THE RECORDS ARE PRIVILEGED WITHIN THE MEANING OF F.R.CIV.P. 26(b)(1) AND FED. RULES OF EVID. 501" PEARSON V. MILLER 211 F.3d 57 (3rd CIR 2000). ALSO, "A STATE LAW FORBIDDING DISCLOSURE DOES NOT CREATE A PRIVILEGE IN FEDERAL COURT AND WILL NOT BE ENFORCED IF IT IS INCONSISTENT WITH FEDERAL LAW OR PRIVILEGES" AGSTER V. MARICOPA COUNTY, 422 F.3d 836-839 (9th CIR 2005)

SEE ALSO GREEN V. BACA, 219 F.R.D 485, 492 (C.D. CAL 2003) "PRISONER ENTITLED TO OBTAIN RECORDS AND A REPORT ON OTHER INSTANCES OF 'OVER-DETENTION.'" — AND CASTLE V. JALLAH, 142 F.R.D 618 (E.D VA 1992) "PRISONER WAS ENTITLED TO DISCOVER FACTUAL PORTIONS OF INCIDENT REPORTS."

PLAINTIFF LIVED WITH THESE MEN BUT DID NOT GET THEIR NAMES. HE IS CONFIDENT THE NAMES AND FACES WILL COME BACK UPON RELEASE OF THE REQUESTED FIRST 15 INDUCTEES INTO THE ACU.

-3-

Due to the constraints of time on the Discovery deadline and the "snail-mail" geographical constraints on the situation here (plus both parties positions on the matter here - (stead-fast) plaintiff seeks to avoid the lengthy "good faith effort" of Rule 26(6) (local) / and seek a speedy second Conference of Counsel / to settle this dispute.

Dated this 25th day of January, 2018

Respectfully Submitted,

John Jay Condon
pro se
#148840
ZCI. 2739 Gall Blvd.
Zephyrhills, Fla 33541

— Certificate of Service —

The undersigned hereby certifies that he served the above Document by first-class mail, postage pre-paid to:

James E. Fortin, AAG
Office of the Atty Gen
Six State House Station
Augusta, Maine 04333

Dated January 26, 2018

-4-