UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN JAY CONDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 1:16-cv-00372-JAW |
| | ) | |
| RODNEY BOUFFARD, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MOTION TO AMEND DISCOVERY ORDER**

Defendants hereby move to modify portions of the court's Order on Discovery Issues dated January 31, 2018 (ECF 66). As grounds for this motion, defendants state that, upon investigation, preparing responses to plaintiff's Requests for Production #2 and #3, would require manual review of extensive documents and prisoner files and would be unduly burdensome and onerous.

*Requests for production # 2 and #3*

The court has ordered defendants to produce the number of prisoners held in the Special Management Unit (SMU) of the prison pending the results of a "charge" of threatening, either pursuant to a formal disciplinary charge or absent a formal disciplinary charge and the duration of each prisoner's total period of segregated confinement. Further investigation into the information available has revealed the following:

Prisoners who have threatened staff may be placed in Administrative Segregation (in the SMU) pursuant to the Department's Administrative Segregation policy. There is no limit on the

1

length of segregation specified in the policy, although this placement is reviewed frequently and regularly.

Prisoners may also be placed in the SMU (or other housing) as the result of a disciplinary proceeding in which they have been found guilty of the disciplinary infraction of Threatening. The maximum period of segregation as a disciplinary sanction is 30 days.

The two procedures are not mutually exclusive, i.e., a prisoner may be placed in Administrative Segregation as an immediate threat to the safety of staff and then be written up for the violation and have sanctions imposed (including up to 30 days of segregation.) The prisoner would serve his disciplinary time in the SMU and then may be kept there on Administrative Segregation status if, in the estimation prison officials, he continues to pose a threat.

Prior to 2014, records of disciplinary proceedings were not computerized. To determine the number of prisoners found guilty of the disciplinary infraction of threatening and, of those, the number who received disciplinary segregation as a sanction, would require manual review of approximately 2500 disciplinary cases per year for the years before 2014. (As the disciplinary charge of threatening also includes threats to other prisoners, those would have to be weeded out as well, although this is believed to be a small percentage of overall charges for this infraction.) The difficulty is compounded by the fact that many of the prisoners placed in segregation during those years have been released (in which case, their files would be archived at a different facility) or transferred (in which case their files would be transferred with them.)

In some cases (such as plaintiff's) a prisoner may be placed in Administrative Segregation for threatening staff, but the administration may decide for a number of reasons to forego a formal disciplinary charge. Thus, examination of the disciplinary cases alone would be

under inclusive and a separate examination of the records of all prisoners placed in the SMU for the period would be needed. Such a review would also be necessary to determine the length of stay in segregation of each prisoner. It is estimated that between 300 and 500 prisoners were placed in Administrative Segregation for the period involved.

The prison does not have sufficient staff to dedicate to a search of these records. Defendants therefore request that the court modify its order to allow for a random sample of perhaps 20 files located at MSP for each year of the period in question of prisoners placed in segregation for any reason. A determination may then be made of 1) whether the prisoner was placed in SMU pursuant to the Administrative Segregation Policy or solely as a disciplinary sanction; 2) the reason for the placement; 3) whether the prisoner was charged with and found guilty of the disciplinary infraction of threatening; 4) if so, the length of such disciplinary sanction; and 5) the overall length of time spent in segregation.

For these reasons, defendants request that the court modify its discovery order as suggested above.

February 14, 2018                                  /s/ James E. Fortin
                                                   James E. Fortin
                                                   Assistant Attorney General

Office of the Attorney General
Six State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800

Certificate of Service

The undersigned hereby certifies that he served the above document by first class mail to the following:

John J. Condon
Zephyrhills Correctional Institution
2739 Gall Boulevard
Zephyrhills, Florida 33541

February 14, 2018  /s/ James E. Fortin
James E. Fortin
Assistant Attorney General