James E. Fortin, A.A.G.                   Feb. 8th, 2018
Office of the Atty Gen.
Six State Hse Station
Augusta, Maine 04333

SENT 2/8/18

RE: Condon v. Bouffard, et al.,
    Civ. # 1:16-cv-00372-JAW

Dear Mr. Fortin:

[Attachment - B -]

Pursuant to the Court's Local Rule 26(b) and pursuant to the Court's order of January 31, 2018, re: the initial Discovery Dispute, I am making this "good faith effort" to resolve the Discovery Dispute the Plaintiff has with Defendant Bouffard's response to Plaintiff's September 5th, October 31st and November 1, 2017, First Request for Production of Documents.

Defendant Bouffard objects to producing Plaintiff's request based on the "relevance" of the information. He also objects based on the premise that the information sought is made confidential by statute: 34 MRSA § 1216.

Mr. Fortin, I'm confident that you have fully reviewed the Court's order on Plaintiff's discovery dispute with Defendant Troy Ross (I have also reviewed it several times and do not object to the Court's order).

With the above in mind, let me gently try to persuade you to have De-

names of the first 15 maximum security inmates inducted into MSP's Administrative Control Pod.

The "Relevance" questioned here of this needed list has been explained: I lived with these men back in 2014 but I did not write down any names. I need witnesses for the upcoming trial and there are two or three men on that list I want and need as witnesses.

Surely, that is not asking too much and surely the Defendants and yourself do not expect me to conduct a trial, up in Maine, from a prison in Florida with no witnesses? I want and need the names of those men, Mr. Fortin. This a very simple and burdensome-free request.

As for Maine's Information Act being relevant here in Federal Court (see Asher v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005) and Smith v. Gours, 222 F.R.D. 235, 240 (N.D.N.Y. 2004), and to what extent, if any, will obviously be up to the Court to decide.

Personally, I believe it would be wise on both our parts not to bother the Court with another discovery dispute. That decision now lies in your hands. Believe me, if these men knew what was transpiring here and now, they all would bend over backwards to submit their names. This is a simple, unobtrusive request.

I expect a response from you here by February 26, 2018. I've allowed plenty of time for "this" to get up to Maine... Four or five days for you & Defendant Bouffard to make a decision (yes or no) and then six or seven days for your reply back here in Florida. If I receive no response or a negative reply to the request, I'll be forced to plead w/ the court once again.

Dated this 8th day of February, 2018

John J. Condon  /s/ John J. Condon   Pro Se

#148840
ZCI
2739 Gall Blvd.
Zephyrhills, FLA 33541

→ Certificate of Service →

The undersigned hereby certifies that he served this document on the defendants by first class mail, postage paid, by mailing it to

James E. Fortin, Esq.
Office of the Atty Gen.
Six State House Station
Augusta, Maine 04333

Dated: Feb 8th, 2018     /s/ John J. Condon

- 3 -

<mark>Attachment 13</mark>

## — PostScript —

The "violence" or "violent" issue you brought up on the phone IN RE: As, to how "violent" I am, etc., and thus the need to treat me differently...

The triple homicide happened 33 yrs prior to 2014. I pleaded Not Guilty By Reason of Insanity (NGRI) and <u>it was the real deal</u>: 16 commitments to nine or ten mental institutions (different ones) in five states and the District of Columbia (St. Elizabeths) in the 10 years prior to the murders. It's in black and white: John Condon was mentally ill. A classic insanity in 1982, no question. (The John Hinckley, Jr., NGRI verdict nine days before my trial is what put me in prison. I <u>was</u> insane).

As for the murder in prison, I, Condon, put that into play after a rumor started as to "why" Condon was always single-celled. After a while, I went along with it. Why not?? I used it in Maine just prior to and during my initial stay there (April/2012). The murder never happened... it was a rumor. Diane Sleek did research on my record and found <u>NO</u> assaults on staff (33 years). I am no more assaultive or violent than anyone else, all the above taken into consideration.

JC