UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

John Jay Condon
  Plaintiff
v.                                                    Civil No.
Rodney Bouffard, et al.,                  1:16-00372-JAW
  Defendants

## AFFIDAVIT OF JOHN JAY CONDON

JOHN JAY CONDON, being under oath, does hereby depose and say:

1. I am a Maine State Prisoner now being housed by the Florida Department of Corrections since Nov. 1, 2014.

2. I am the plaintiff pro se in the above titled civil rights case.

3. I have never sued anyone or any institution or department before I encountered the situation and treatment these defendants placed on me.

4. I have no formal education in law although I have worked on my own criminal case in the past.

5. I received the defendants

MOTION for SUMMARY JUDGMENT (FILED WITH THIS COURT ON FEBRUARY 28, 2018) ON MARCH 6, 2018, HERE IN FLORIDA.

6. I HAVE NEVER EVEN "SEEN" A MOTION for SUMMARY JUDGMENT much less EXPERIENCED THE RULES SURROUNDING SUCH A MOTION.

7. HOWEVER, I AM using ALL MY SPARE TIME, IN CONJUNCTION WITH THE LIMITED HOURS THE PRISON LAW LIBRARY HERE IS "OPEN," STUDYING, NOT ONLY WHAT AN "OPPOSITION TO A MOTION for SUMMARY JUDGMENT" INVOLVES, but ALSO THE DEFENDANTS' LENGTHY MOTION WITH ITS NUMEROUS ATTACHMENTS.

8. THE DEFENDANTS HAVE NOT YET COMPLIED WITH MY DISCOVERY REQUESTS WHICH ARE DECISIVE TO ALL MY CLAIMS AGAINST THE DEFENDANTS.

9. ALL THE FACTS, STATISTICS AND PRISONER NAMES I NEED ARE IN THE POSSESSION OF THE DEFENDANTS, AND AS STATED, THEY HAVE YET TO COMPLY, EITHER AT ALL, OR IN SUCH A POOR MANNER THAT WE ARE IN A DISPUTE OVER THE PRODUCTION OF SAME.

10. I NEED AFFIDAVITS from TWO MAINE STATE PRISONERS whom I DO HAVE THE NAMES of: MARK HARRIS AND DAVID FLEMMING, BUT PRISON OFFICIALS BOTH HERE AND IN MAINE

-2-

prohibit correspondence between prisoners in different prisons or states.

11. One of these prisoners, MARK HARRIS, was also charged with "threatening" the life of the same staff member I am accused of threatening (Holly Harris) and was released back into the population of MSP after only spending three to four months on "Administrative Segregation" with me.

12. The other prisoner, DAVID Flemming, along with the other names in a presently on-going Discovery Dispute, will testify as to how they were called out to "talk" with the three defendants here and also how the defendants HID from plaintiff Condon for 235 days refusing his multiple vocal and literary requests that they meet with him to discuss this out-of-control and out of context supposed "threat" against a MSP staff member by prisoner Condon.

13. Other Discovery issues revolve around revealing facts and statistics surrounding other MSP inmates who were held in the past under the similar situation and conditions this prisoner pro se was and the results of their experiences.

14. For the above reasons this plaintiff pro se asks the court pursuant

-3-

to Rule 56(d) F.R.Civ.P. to deny the Defendants Motion for Summary Judgment or to at least "stay" or "continue" it.

15. If the Court does not condescend to that request, Plaintiff urges the Court to allow a 21 day extension of time tacked on to the 21 days a response to a motion for Summary Judgment is normally due.
(A) The motion was filed with this Court on February 28, 2018.
(B) 42 days tacked on to February 28, 2018, would be April 11, 2018, in which Plaintiff pleads with this Court to allow him to reply to Defendants Motion for Summary Judgment.

Dated this 9th Day of March, 2018

John Jay Condon /s/ John J. Condon — Pro Se
#148840
ZCI. 2739 Gall Blvd. Zephyrhills, FLA 33541

Signed under the penalty of perjury this 9th Day of March, 2018:

/s/ John J. Condon

Signed and sworn before me this 9th day of March, 2018

REFUSED TO SIGN

Notary Public
My Commission Expires:

- 4 -

# MEMORANDUM OF LAW IN SUPPORT OF AFFIDAVIT OF JOHN JAY CONDON

A court should not grant summary judgment against a party who has not had an opportunity to pursue discovery or whose discovery requests have not been answered. Ingle v. Yelton, 439 F.3d 191, 196 (4th Cir. 2006) (denial of Rule 56(6) motion "is particularly inappropriate when... the materials sought are the object of outstanding discovery" (citations omitted); Leigh v. Warner Brothers, Inc., 212 F.3d 1210, 1219 (11th Cir. 2000) (summary judgment is generally inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests).

"[W]here the facts are in possession of the moving party, a continuance of a motion for summary judgment should be granted as a matter of course." Costlow v. U.S., 552 F.2d 560, 564 (3d Cir. 1977); Accord Ingle v. Yelton @ 196; Baker v. McNeil Island Corrections Center, 859 F.2d 124, 127 (9th Cir. 1988); Jackson v. Procunier, 789 F.2d 307, 312 (5th Cir. 1986); Major League Baseball Promotion Corp. v. Colour-Tex Inc., 729 F.Supp. 1035, 1043 (D.N.J. 1990).

Dated this 9th Day of March, 2018

/s/ John J. Condon  
JOHN J. CONDON  
#14840  ZCI

-5-

# Certificate of Service

The undersigned hereby certifies that he served the above documents* by first class mail to:

James E. Fortin, AAG
Office of the Attorney General
Six State House Station
Augusta, Maine 04333

March 9th, 2018

[signature]
# 14840

* The document entitled: "Plaintiff's Written Settlement Demands upon Defendants" is also included under this Certificate of Service

-6-