UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN JAY CONDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 1:16-cv-00372-JAW |
| | ) | |
| RODNEY BOUFFARD, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RESPONSE TO MOTION FOR SECOND DISCOVERY CONFERENCE**

Pursuant to local Rule 7(b), defendants hereby object to plaintiff's motion for a second discovery conference. As grounds for this objection, defendants state that the court may rule on defendants' objection to plaintiff's request for information regarding other prisoners' placement in the Administrative Control Unit on the written materials submitted to the court.

Plaintiff is seeking the names of the first fifteen prisoners admitted to the Administrative Control Unit (ACU) of the Maine State Prison. This is a step-down unit for prisoners transitioning from confinement in the Special Management Unit to general population. It allows prisoners additional out-of-cell time and opportunities for work and programming. The ACU was being planned for several months, but its opening was delayed in part because of the departure of Commissioner Ponte and the appointment of an acting commissioner. The first prisoners were not placed in the ACU until December 16, 2014, two months after plaintiff was transferred from MSP to Florida.

While it is apparent that, at one point, plaintiff was being evaluated for transfer to the ACU, the decision to transfer him to Florida rendered those considerations moot. It is

defendants' position (as expressed in their objection) that information regarding the identities of prisoners placed in the ACU when it opened is thus irrelevant to plaintiff's claims in this case. Moreover, this information is clearly made confidential by statute, 34-A M.R.S.A. § 1216.

In his request for a second discovery conference on this issue, plaintiff fails to articulate why he should be provided this information.  He complains at length of the alleged failure or refusal of the warden to meet with him to discuss his continued placement in segregated confinement, and he apparently wants these prisoners to verify that claim.  It is apparent that Condon is also trying to obtain the identity of the prisoner or prisoners who informed prison officials that Condon had threatened to kill Unit Manager Harris, release of which information is absolutely prohibited  *See*, 34-A M.R.S.A. § 1216(1) and 16 M.R.S.A. § 805 (4), (5) and (8).

In light of plaintiff's failure adequately to explain why he requires the names of other prisoners placed in the ACU after plaintiff was transferred out of state, a second discovery conference is not necessary for the court to rule on defendants' objection to his request. Defendants request that the court deny the motion.


March 19, 2018               \_\_/s/ James E. Fortin
                             James E. Fortin
                             Assistant Attorney General


Office of the Attorney General
Six State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800

Certificate of Service

The undersigned hereby certifies that he served the above document by first class mail to the following:

John J. Condon
Zephyrhills Correctional Institution
2739 Gall Boulevard
Zephyrhills, Florida 33541

March 19, 2018                                          /s/ James E. Fortin
                                                        James E. Fortin
                                                        Assistant Attorney General