# United States District Court
# District of Maine

John Jay Conson,
  Plaintiff,
v.
Rodney Bouffard, et al.,
  Defendants.

Civil No:
1:16-cv-00372-JAW

---

## Reply to Opposition For Second Discovery Conference

The Defendants make numerous claims in support of their opposition for a second Discovery Conference.

1. They describe their Administrative Control Unit as a kind step-down unit for Special Management Unit (SMU) prisoners transitioning back to general population in which it would allow those prisoners more out-of-cell time and opportunities for work and programming.

2. That's not how it was described to us potential "considerees" during the build-up months prior to opening. Most all, if not all of these potential inductees into this ACU were told that we would be confined in this new "Control" unit for a minimum of

-1-

six months to a maximum of "life." That was it (see Declaration of John Jay Condon accompanying this Reply, pp 1-2, #2. See also Plaintiff's original August 19, 2016, Verified Complaint, p.3, #23). We were never told about the "more out-of-cell time" and programming, etc. (Perhaps that was used at first as a "scare tactic", plaintiff does not know).

3. Defendants claim that the ACU's opening was delayed because of the change in Commissioners has no basis in fact. Exhibit 'A' attached here to this Reply is a letter to plaintiff from Defendant Warden Bouffard written April 25, 2014, in which he mentions a letter the plaintiff wrote to Commissioner Fitzpatrick (who replaced Ponte) on April 14, 2014 (p 1). Therefore, Fitzpatrick was in office as early as April 14, 2014 (and quite possibly earlier) or eight months before the alleged opening of the ACU. Since Fitzpatrick was Associate Commissioner before being appointed, he was groomed for the new job. The REAL reason the ACU was "delayed" was because plaintiff Condon (fearing he may spend the rest of his life in a unit he felt was being designed specifically for him) announced vociferously to all involved that the Defendants needed to hold a formal hearing for each potential inductee before induction into this unit. The Defendants, apparently not aware of this legal trip-wire,

-1-

& immediately called for a temporary "time-out" on the whole process.

4. Next, the Defendants allege that the first inductees were not placed in the ACU until December 16, 2014, "two months" after plaintiff was transferred to Florida (Defendants attempting to make the point that he would not know any of the first inductees because he was "long-gone.") (an incorrect assumption). However, in Defendants Warden Bouffard's February 28, 2018, Affidavit (p.3, #10) in support of Defendants February 28, 2018, Motion for Summary Judgment, he states the ACU opened in <u>November</u> of 2014. Condon left for Florida on October 28, 2014, <u>three days</u> before "November."

5. The plaintiff needs affidavits from some of these men that: <u>Condon never saw, or went in front of, any of these three Ultimate Decision Makers (UDM's) on his liberty status</u> (an important legal point in this lawsuit). Further, these Defendants are sure to bring further allegations against Condon at trial and he needs these men to corroborate what actually may have transpired.

6. Plaintiff Condon has no interest in the identity of any Confidential Informant (CI). What has that got to do with anything here?? CI's do what they do... Condon has 36 years living amongst these

-3-

individuals. Plaintiff just has a different moral consciousness than these people. In the long run, this or these CI's may have done Condon a favor. Condon's primary focus and longstanding dispute is with <u>THESE THREE DEFENDANTS</u>, period.

7. Besides having the names of these requested individuals, the Defendants hold a huge preponderance of the facts in this case. The Defendants are attempting to isolate this 70 year old pro se plaintiff in Florida against the machinations of the whole Maine Dept. of Corrections and the Attorney Generals office. That does not weigh evenly on the scales of Justice.

. . .

Wherefore, the Plaintiff seeks a second Discovery Conference to obtain the names (Now) TEN of the first INDUCTEES to the ACU.

Dated this 28th day of March, 18.

            John C____ pro se
            ~~~~~~~~~~~~~~~~~
            JOHN J. CONDON

#148840 · ZCI · 2739 GALL BLVD.
Zephyr Hills, FLA 33541.

— Certificate of Service —

I certify that I have sent a correct copy of this document by first class mail, postage pre-paid, to:
James E. Fortin, AAG. Office of the Atty General. Six State House Station, Augusta, Maine 04333

3/28/18                 John C____
-4-