UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN JAY CONDON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Civil No. 1:16-cv-00372-JAW |
| | ) |
| RODNEY BOUFFARD, et al., | ) |
| | ) |
| Defendants | ) |

**RESPONSE IN OPPOSITION TO MOTION FOR ORDER ALLOWING CONTACT**

Pursuant to Local Rule 7(b), defendants submit this response in opposition to plaintiff's motion for an order allowing him to contact four prisoners at the Maine State Prison.

Plaintiff is a prisoner serving three life sentences for murders committed in Maine.. Plaintiff is currently housed in a state prison in Florida, having been transferred there from the Maine State Prison pursuant to the Interstate Corrections Compact, 34-A M.R.S.A. §s 9401, et seq.

Plaintiff has sued several officials of the Department of Corrections, claiming that they violated his rights by retaining him in segregation without due process.  In his motion, plaintiff asserts that he requires affidavits from four of his former fellow prisoners at MSP.  Plaintiff anticipates that the affidavits would support that one of the prisoners was accused of the same conduct as plaintiff (threatening to kill a unit manager) but was returned to population after three or four months; that the defendants never visited plaintiff in segregation to discuss his side of the case, as they did with another prisoner; and that plaintiff was officially classified as being in the Administrative Control Unit at one point prior to his transfer, in contradiction of defendants'

1

statements.  Plaintiff further asserts that he has attempted to write to two of the prisoners but that he was prohibited from doing so by the authorities at the Florida prison where he is now held.

Initially, defendants note that only one of the prisoners that plaintiff wishes to contact is still at MSP.  One other prisoner has been released, and the other two have been transferred to the custody of the New Jersey Department of Corrections.

Blanket prohibitions on correspondence between prisoners in different correctional facilities does not violate the Constitution.  *Turner v. Safley*, 482 U.S. 78, 91-92 (1987) (noting that such a prohibition is rationally related to legitimate security concerns); *Hall v. Singletary*, 999 F. 2d 1166 (11th Cir. 1993).

All three jurisdictions involved in plaintiff's request have prohibitions or limitations on correspondence between prisoners.  Both Maine and Florida require the approval of both facilities' chief administrative officers. Maine DOC Policy 21.02, Procedure A(1), available at http://www.maine.gov/corrections/PublicInterest/policies.shtml#AdultFacility; 33 Fla. Admin. Code 33-210.101 (7).  New Jersey authorizes the administrator, administrative unit supervisor or designee to limit inmate correspondence to or from other inmates to ensure the safe, secure and orderly operation of the correctional facility and requires that all such correspondence be opened and read.  N.J.A.C. 10A:18-2.5.

Plaintiff's need to obtain affidavits from these prisoners is questionable.  Even if they bolster plaintiff's claim that the defendants did not visit plaintiff personally in the SMU to discuss his case, that fact does not advance his claim of a due process violation, as there is no requirement that a decision to place or retain a prisoner in segregation requires the final decision maker to meet face-to-face with the prisoner. *See*, *Wilkinson v. Austin,* 545 U.S. 206, 226 (opportunity to submit objections to final level of review sufficient.)  In addition, as defendants

have previously stated, plaintiff was considered for placement in the planned Administrative Control Unit before the plans for that unit were put on hold and plaintiff was transferred to Florida.

It is doubtful that this court has the authority to order the warden of MSP to give his approval to plaintiff's contacting other prisoners at MSP. More to the point, the administrator of the Florida facility where plaintiff currently resides has apparently not agreed to allow plaintiff to correspond with other prisoners, and this court may not compel that person, a non-party, to give his or her approval.

For these reasons, defendants request that the plaintiff's request for an order allowing him to contact the four prisoners be denied.

April 5, 2018                                         /s/ James E. Fortin

                                                                                   James E. Fortin
                                                                                   Assistant Attorney General

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served the Consent to a Magistrate Judge by first class mail to the following:

John J. Condon
Zephyrhills Correctional Institution
2739 Gall Boulevard
Zephyrhills, Florida 33541

April 5, 2018                                         /s/ James E. Fortin
                                                                                   James E. Fortin
                                                                                   Assistant Attorney General