# UNITED STATES DISTRICT COURT
## District of Maine

John Jay Condon, Plaintiff

v.

Rodney Bouffard, et al., Defendants

Civil No: 1:16-cv-00372-JAW

2018 APR 16 P 2:31

## Plaintiff's Response To Defendants Statement of Material Facts

Pursuant to local Rule 56(c), the Plaintiff will now Admit/Deny or Qualify the Defendants Statement of Material Facts in same sequence as they were presented:

#1) ADMIT.
#2) ADMIT.
#3) ADMIT.
#4) ADMIT.
#5) ADMIT.

#6) DENY: I did not threaten to harm, kill or otherwise ~~injure~~ unit manager Holly Harris. I never said I was going to kill or harm anyone. SEE Plaintiff's original verified Complaint filed August 9, 2016, p.3, #14. SEE Plaintiff's May 12, 2014, letter to Defendant Ross located in Defendant's Ad.Seg. records enclosed with their Motion for Summary

-1-

Judgment. SEE Id., "PRISONER (CONDON'S) STATEMENTS" within Ad. Seg. STATUS REVIEW MINUTES of March 8, 10, 20, April 17, and July 30th, 2014. SEE ALSO Plaintiff's February 28, 2018, opposition to Defendants Motion to Amend Discovery Order p. 5, ¶ 3.

#7) QUALIFY: Plaintiff Condon's Murder Convictions took place 32 years prior to 2014 (and he had an INSANITY DEFENSE) SEE Recommended Decision (of February 17, 2017) on Defendants Motion to Dismiss p.__, FOOTNOTE 1. CONDON KILLED A FEDERAL INMATE (who THREATENED Condon's life) in 1993, 21 years prior to 2014. SEE plaintiff's Declaration in opposition to Defendants motion for summary Judgment p. 5, #12. CONDON HAS NO ASSAULTS on STAFF in his 37 years in PRISON SEE plaintiff's November 19, 2016, opposition to Motion to Dismiss, Appendix 'A', Bottom ¶ 2. PLAINTIFF was 67 yrs. old in 2014 and explicitly returned to MSP in 2012 to attempt a criminal appeal from his NATURAL LIFE SENTENCE — He wasn't going to go around, once back, and state that he's going to kill a MSP staff member — SEE Plaintiff's November 10, 2017, Motion to Amend Second Declaration of JOHN JAY CONDON pp 1-6.

#8) QUALIFY: The Defendants here are TAKING TWO Maine State prisoner's word' over Condon's. SEE: Plaintiff's (2/28/18) opposition to Defendants Motion to Amend Discovery order p. 2 and Attachments 'A & B'.

#9) QUALIFY: SEE Response to #8

#10) DENY: "LIVING CONDITIONS" ARE NO-

WHERE EQUAL BETWEEN SEGREGATED CONFINE-MENT IN MSP'S SMU AND GENERAL POPULATION. SEE PLAINTIFF'S DECLARATION IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT PP. 6-8, #14-21. SEE ALSO DECLARATION OF JOHN JAY CONSAN (MAY 15, 2017) P.4, FOOT-NOTE 1. SEE ALSO PLAINTIFF'S AUGUST 9, 2016, ORIGINAL VERIFIED COMPLAINT PP 10-11, #C(1)

#11) QUALIFY: PRISONERS IN SMU HAVE TO TALK TO STAFF "THROUGH" A STEEL DOOR AND TO OTHER SMU INMATES → THROUGH TWO STEEL DOORS (NO VENT HOLES). SEE PLAINTIFF'S DECLARATION IN OPPOSITION TO DEF'S MOTION FOR SUM. JUDGMENT P.6, #15.

#12) ADMIT:

#13) ADMIT:

#14) QUALIFY: THERE WERE TWO OTHER ASR'S OF MAY 2 AND SEPTEMBER 29, 2014. SEE AD. SEG. RECORDS OF DEF'S MOTION FOR SUM. JUDGMENT. FURTHER, PRISONER CONSAN MADE SURE HE WENT TO ALL OF HIS ASR'S EXCEPT FOR THE TWO (MAY 23 AND JUNE 24, 2014) I WAS PURPOSELY EXCLUDED FROM BECAUSE THE CHAIRMAN OF THE ASR'S WROTE IN THAT I WAS "NOT NEEDED" IN VIOLATION OF MDOC POLICY NO. 15.1, SECTION VI, PROCEDURE (C)(2) - SEE DEF'S AD. SEG. POLICY W/IN HIS MOTION FOR SUMMARY JUDGMENT. ASSOCIATE COMMISSION DEFENDANT JODY BRETON WAS NOT AUTHORIZED TO PERFORM THE COMMISSIONER'S SIX MONTHLY REVIEW OF AD. SEG. STATUS ON MYSELF, BUT SHE "PERFORMED" IT

SEE ALSO FOR ASR'S OF MAY 23 & JUNE 24, 2014, AD. SEG. RECORDS

* 3 *

REGARDLESS. HER PERFORMANCE WAS DONE IN A MANNER THAT CAN BE DESCRIBED **CASUAL, CURSORY AND CALLOUS**. All she did was "co-sign" DEFENDANT WARDEN BOUFFARD'S "OPINION." THAT'S HER REVIEW of A MAN LOCKED up for SIX MONTHS WHO HAS PLEAD NOT-GUILTY ALL ALONG... AND she "CO-SIGNED" TO KEEP HIM LOCKED UP WITHOUT TALKING TO HIM OR ANYBODY ELSE. PLEASE SEE: DEFENDANT JODY BRETON'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES ATTACHED TO THIS DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

#15) QUALIFY: DEFENDANTS BOUFFARD AND ROSS NEVER TOLD CONDON THAT HE WAS "UP" FOR A TRANSFER... IF THEY WERE SO "CONCERNED" ABOUT THE EXTENDED PERIOD IN SEGREGATION FOR CONDON, Why didn't they AT LEAST TELL HIM?? IT WOULD OF EASED HIS MIND CONSIDERABLY. SEE pp 10-11, #25,26 of PLAINTIFF'S DECLARATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

#16) QUALIFY: IN DEFENDANT'S OWN (#16) WORDS (HERE) QUALIFIES PLAINTIFF'S ANSWER TO MATERIAL FACT #15 (ABOVE). Why didn't they (THE DEFENDANTS) EASE CONDON'S FEARS ABOUT BEING LOCKED UP FOR LIFE IN THE SMU AND TELL HIM HE WAS UP FOR A TRANSFER?? CONDON'S ASR'S RIGHT UP TO WHEN HE LEFT... HAD HIM DESTINED FOR THE ACU. SEE: DEF'S ADMINISTRATIVE SEG RECORDS of APRIL 14, 17, 23, JUNE 24,

July 30, and August 29, 2014.

#17. **DENY**: The appointment of "Silent" Joseph Fitzpatrick as Commissioner of the MDOC occurred on Feb. 18, 2014, and had <u>nothing to do</u> with the ACU being put "on hold." **SEE**: Defendant Jody Breton's Responses to Plaintiff's First Set of Interrogatories attached here (p. 1, #1) - He was Associate Commissioner beforehand and groomed for the job, plus February, 2014, the ACU <u>wasn't in anyone's minds</u>. The real reason for the ACU being put "on hold" was because I (Condon) alerted everyone concerned that, <u>legally</u>, the Defendants would have to hold a hearing for each potential inductee into the ACU. **SEE** plaintiff's March 28, 2018, Reply to opposition for second Discovery Conference (p. 2, #3).

#18. **DENY**: **SEE**: Response to #19

#19. **DENY**: If Defendant Warden and Chief Administrative Officer Bouffard decided to send Condon out of state and the ultimate decision maker on Condon's Ad. Seg. & Liberty Status Defendant Ross <u>agreed</u>, <u>how is it</u> that my Administrative Segregation Reviews (of which Defendant Ross is the UDM) of <u>May 23</u>, <u>June 11</u>, <u>June 24</u>, <u>July 30</u> and <u>August 29</u>th have me <s>headed</s> for the dreaded ACU?? <s>See</s> Ad. Seg. Records of Def. for those dates. • <u>Also see</u> June

-5-

6, 2014 (21 DAYS AFTER DEFENDANT BOUF-FARDS "LETTER" TO McCAFFERY) LETTER TO CONDON FROM BOB COSTIGAN IN WHICH COSTIGAN STATES: "IT IS MY UNDERSTANDING THAT A TRANSFER IS NOT BEING CONSIDERED AT THIS TIME." BOB COSTIGAN IS A WELL RESPECTED 36+ YEAR TENURED MSP STAFF MEMBER (REFUSING THE WARDEN POSITION SEVERAL TIMES) WITH THE TITLE OF "PRISON ADMINISTRATIVE COORDINATOR" AND AN OFFICE ADJACENT TO DEFENDANT WARDEN BOUFFARDS. SINCE BOUFFARD CAME ON THE JOB IN 2013 WITH NO EXPERIENCE WITH MAXIMUM SECURITY PRISONS OR INMATES, COSTIGAN ACTED AS A "MENTOR" TO DEFENDANT BOUFFARD AND ANSWERED ALL INMATE LETTERS ADDRESSED TO BOUFFARD. HE WOULD, MOST CERTAINLY, BE AWARE OF THE HIGH PROFILE CONDON SITUATION AND MOST CERTAINLY, OFFERING HIS LEARNED ADVICE ALSO. SEE COSTIGAN LETTER - ATTACHED.

#20) DENY: FLORIDA PRISONERS STATE-WIDE WOULD GIVE AN "ARM AND A LEG" TO DO THEIR TIME AT MAINE STATE PRISON. SEE: DECLARATIONS OF ALLIE BISSET AND ROBERT MOORE, (ENCLOSED).

#21) QUALIFY: MAINE PAID FOR CONDONS 30 YEAR STAY IN THE U.S. BUREAU OF PRISONS WHERE HE WAS DOING EXCELLENTLY (ONE DISCIPLINARY REPORT IN PAST 16 YEARS... (GAMBLING PARAPHANALIA), SO WHY DIDN'T THE DEFENDANTS AVOID ALL THIS AND SEND HIM BACK TO THE FEDS

Where Condon had requested of them TIME AND TIME AND TIME AGAIN - but got no answer to that request from the "Hidden" three defendants? SEE Plaintiff's November 10, 2017, Motion for Leave to Amend Plaintiff's Second Declaration of John Jay Condon p.1, ¶2 and p.4, ¶2.

#22) DENY: Florida Dept. of Corrections (Inmate population 100,000+) will take anyone. Florida inmates would line up in droves to sign-up to go to Maine in exchange. Five months and 12 days to negotiate a transfer?? SEE:

#23) DENY: The Maine Dept of Corrections c/o the three defendants most certainly had "INPUT" regarding Condon to the Florida Department of Corrections. In fact, they LIED to the F.D.O.C. by stating Condon was guilty of threatening MSP staff and that he was guilty of assaultive behavior to both staff and inmates alike. This "INPUT" was solely responsible for Condon having to serve an additional 438 days of segregated confinement in Florida and added on to the 235 he did in Maine for a total of 673 days of segregated confinement which resulted in Condon suffering "an atypical and significant hardship in relation to the ordinary

instances of prison life." SEE PLAINTIFF'S ORIGINAL Verified Complaint filed on August 9, 2016. SEE ALSO PLAINTIFF's March 10, 2017, Declaration of Supplemental Factual Information Regarding the Close Management Unit in Florida. pp 1-7. See Also plaintiff's November 19, 2016, Opposition to Motion to Dismiss, P. 18 ¶¶ 1 & 2, & Appendixes 'A' & 'B'. SEE ALSO: plaintiff's March 22, 2017, Reply to Objection to Recommended Decision, pp 8-10.

#24) QUALIFY: Regarding first sentence, Defendant Bouffard WAS AWARE that Condon had filed a petition for Judicial Review because Condon sent it to him by certified mail, return receipt requested. SEE: Knox County Docket Sheet enclosed here with plaintiff's opposition to Summary Judgment. When Defendant Bouffard ALLEGEDLY requested McCaffery to arrange for a transfer in May 2014, of course he wouldn't be aware of it. The petition being filed July 21, 2014 (SEE Docket Sheet entry of 8/4/14, page two, for proof of service on Defendant Bouffard)

#25) ADMIT.
#26) ADMIT.

April 16th, 2018

JOHN JAY CONDON /s/ John J.C. Pro Se
2739 Gall Blv.                    #148840
Zephyr Hills, Fla 33541

— Certificate of Service —

John Jay Condon hereby certifies that he served the above document & all attachments by 1st class mail to: James E. Fortin, AAG., Office of Atty Gen. St. Hse. Stat #6, Augusta, Maine 04333              /s/ John J.C.