# United States District Court
## District of Maine

John Jay Condon,
  Plaintiff,
v.                                   Civil No: 1:16-cv-00372-JAW
Rodney Bouffard, et al,
  Defendants.

## Reply to Opposition to Motion for Order Allowing Contact

On March 12, 2018, Plaintiff, residing in Florida, sent to this Court by United States Mail a Motion for an Order Allowing Contact with four Maine State Prison inmates who were with Plaintiff while he was in the Special Management Unit (SMU) of MSP under "Investigation" for INDIRECTLY threatening a MSP staff member.

The Defendants responded in opposition to this Motion on April 5, 2018; received by Plaintiff in Florida on April 11, 2018. The Plaintiff now moves to respond/reply to this opposition:

When Plaintiff attempted to write two of these MSP inmates, he was stopped

-1-

from doing so by low level mail room officers), not the Warden of Zephyrhills Correctional Institution.

Plaintiff has made note of the two cases cited by the Defendants (Turner v. Safley, 482 U.S. 78 (1987) and Hall v. Singletary, 999 F.2d 1166 (11 Cir. 1993). Perhaps the best way to describe the situation here is: "Permission for committed persons to correspond between intra-state and inter-state correctional facilities shall require the approval of the CAO of both facilities, and shall be based on safety and security concerns." Farrell v. Peters, 951 F.2d 862, 863 (7th Cir 1991). In other words, get permission from both Wardens. Although it would be out-of-place for this court to "order" a Warden to allow correspondence, perhaps the clerk or some other court official (it's obviously been done before) (co-defendants, etc) could make a call and explain the circumstances — a civil rights suit and the relationship between the two prisoners. Since the plaintiff prose is a prisoner, it can't be his attorney.

On a related subject, Defendants again quote Wilkinson v. Austin, 545 US 206, 226 (2005) as ruling that there is no requirement that a prisoner in segregation meet with the ultimate decision maker (UDM) on his status face-to-face. However, Defendants err in that judgment of Wilkinson. The "new policy"

-2-

at the Ohio State Penitentiary (the prison in question in Wilkinson) which the Court ruled upon, states: "Although a subsequent reviewer may overturn an affirmative recommendation for OSP placement, the reverse is not true. If one reviewer declines to recommend OSP placement, the process terminates." Wilkinson @ 226.

This policy allows the prisoner to meet face-to-face with the UDM and if that level of review recommends placement, the prisoner can appeal to the next level and the one after (if it exists). And if each subsequent level agrees with the first level (recommending placement), the prisoner got to meet face-to-face with the ultimate decision maker who, in essence, was the first level of review. (If the upper levels reverses the placement of the prisoner in OSP, the prisoner doesn't care about a face-to-face favorable ruling UDM).

However, MSP policy allows the 2nd and 3rd level of review (here, quizzically, the same individual) to reverse a first level favorable ruling to the prisoner. In the Condon case, this happened with Condon's March 27, 2014, Administration Segregation Review (ASR) in which he received a favorable ruling (release to population) but was reversed at the second level by Defendant Ross without comment. Condon could appeal that reversal to the third level, which quizzically enough, was Defendant Ross again! Condon never met

-3-

face-to-face with the elusive defendant "Designee" Ross, or in other nomenclature, The King of England.

The prisoner pro se plaintiff may be stepping out-of-bounds here, but for the defendants to state: "It is doubtful that this Court has the authority to order the Warden of MSP to give his approval..." when a brother court in Seattle, Washington, just recently stopped the President of the United States dead in his tracks... is small thinking. Of course, it would not be "correct" or somewhat extra-ordinary, etc. But this is the "Big Time" and is exactly why the plaintiff has petitioned this Honorable Court.

Plaintiff states that he is in no hurry... There are other matters before this Court yet to be ruled on and when the Defendants and Plaintiff reach this road again in due time, Plaintiff will attempt to cross it.

Dated This 20th Day of April, 2018

John J. Condon
pro se
#148840

2739 Gall Blvd. Zephyr Hills, FLA. 33541.

### Certificate of Service

The undersigned hereby certifies that he served this document by First Class U.S. Mail To: Jame E. Fortin, AAG. Office of the Atty Gen Augusta, Maine 04333

4/20/18  John J. Condon.