UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN JAY CONDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00372-JAW |
| | ) | |
| RODNEY BOUFFARD, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on Defendant's Motion to Amend Discovery Order (ECF No. 67), Plaintiff's Motion for Conference (ECF No. 69), Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 74), and Plaintiff's Motion for Order to Permit Correspondence with Prisoners. (ECF No. 77.)

1. <u>Motion to Amend Discovery Order</u>

Defendant seeks relief from the Court's order that requires Defendant to inform Plaintiff "whether, between October 28, 2010, and October 28, 2014 (the date on which Plaintiff was transferred to the Zephyrhills Correctional Institution), any maximum security inmates were held in administrative segregation in the Special Management Unit of the 'supermax' building for more than 30 consecutive days pending the results of an investigation into a charge of threatening staff (i.e., in the absence of a formal disciplinary charge or pending the determination of a formal disciplinary charge), and, if so, the number of inmates and the duration of each inmate's total consecutive period of segregated confinement, including, where applicable, consecutive periods of disciplinary segregation;" and to provide

Plaintiff "for the period between October 28, 2010, and October 28, 2014, with the number of maximum security inmates who were found guilty on a disciplinary charge of threatening staff, and the total amount of time each inmate spent in segregated confinement as a consequence of the charge." (Order on Discovery Issues, ECF No. 66.)

Through the motion, Defendants represent that an exploration of access to and the availability of the documents revealed that production of the information would be unduly burdensome. (Motion, ECF No. 67.) Defendants contend that because the prison records prior to 2014 are not available through a computer search, and given the number disciplinary cases each year in the prison, including the number of prisoners who have been placed in administrative segregation for various reasons, to require Defendants to review of all of the records would be unreasonable. Defendants ask the Court to amend the discovery order to require Defendants to review a random sample of disciplinary files for each year from October 28, 2010 through October 28, 2014, and to provide Plaintiff with certain information following the review.

Based on Defendants' representations, the Court concludes that under the circumstances, the current scope of the discovery order would impose an unreasonable burden on Defendants. An amendment to the discovery order is thus appropriate. The Court, therefore, grants in part Defendants' motion to amend the discovery order. (ECF No. 67.)

The Court orders Defendants, for each year identified in the discovery order, to review files of 30 prisoners placed in segregation, which files are to be selected randomly, and to inform Plaintiff, without providing Plaintiff with the prisoners' personal identifying information, (a) whether each prisoner was placed in the Special Management Unit in

accordance with the Administrative Segregation Policy or solely as a disciplinary sanction; (b) the reason each prisoner was placed in segregation; (c) whether each prisoner was charged with the disciplinary infraction of threatening and the result of the charge; (d) for any prisoner found guilty of the charge, the length of the disciplinary sanction; and (e) the total time each prisoner was in segregation. Defendants shall produce the information within 21 days of the date of this order.

If upon review of the information, Plaintiff believes that additional relevant information should reasonably be produced, Plaintiff can request the additional information by way of motion to the Court. If Plaintiff were to file such a motion, the Court would determine whether Defendants should be required to produce the information.

2. Motion for Conference

Plaintiff asks the Court to convene a telephonic conference to discuss Plaintiff's request for the identity of certain prisoners who were placed in the Administrative Control Unit (ACU) of the prison. (Motion, ECF No. 69.) Given the confidential nature of the information requested, and given that, according to Defendants, no prisoners were placed in the ACU until after Plaintiff's transfer from the Maine State Prison, on the current record, the Court finds no relevance to the information. The Court, therefore, denies the motion.

3. Motion for Relief Pursuant to Rule 56(d)

Plaintiff requests that the Court permit further discovery before the Court rules on Defendants' motion for summary judgment. (Motion, ECF No. 74.) Plaintiff has filed a response to the motion for summary judgment.

The Court grants in part Plaintiff's request. The Court will defer consideration of the motion for summary judgment to permit the production by Defendants of the information outlined in section number 1 of this order (order on Motion to Amend Discovery Order) and to permit Plaintiff the opportunity to supplement his response to the motion for summary judgment upon receipt of the information. If Plaintiff intends to supplement his response to the motion for summary judgment, Plaintiff shall file the supplemental response within 21 days of Defendants' production of the information.[1]

4. <u>Motion for Order to Permit Correspondence with Prisoners</u>

Plaintiff asks the Court to authorize correspondence between him and certain other prisoners, including prisoners located in correctional facilities outside Maine. (Motion, ECF No. 77.) Outside the context of a case in which prison policies or prison conditions have been demonstrated to violate the constitution, the Court ordinarily does not intervene in the administrative management of prisons. *Brown v. Plata*, 563 U.S. 493, 511 (2011); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Bell v. Wolfish*, 441 U.S. 520, 548 (1979); *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 96 (1st Cir. 2009). The Court discerns no basis to support Plaintiff's request for intervention in this case. Accordingly, the Court denies Plaintiff's motion.

**SO ORDERED.**

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of June, 2018.

---

[1] Defendants shall notify the Court when they produce the information to Plaintiff so that the Court is aware of the deadline for Plaintiff's supplemental filing.